ROANE, Judge.
In this case William Hall the bargainor, in the deed of October, 1797, had either a right to recover the premises, in the event which has happened of Joseph Hall’s having died without children, or he had not.
If he could recover, it would be as heir to old William Hall, and as a reversioner of the estate in question.
If he could not recover, then judgment should have been given for the defendants, upon the merits of the title.
But, if he himself could recover, it still remains to en-quire, whether his bargainee, the lessor of the plaintiff, *423 can recover, the bargainor not having entered after Joscp/i’s death; but, on the contrary, the appellant being found to have been in possession ever since his death ?
This question then, is that, decided in Tabb v. Baird, ante 471, unless a difference shall be supposed to arise from the difference of the ouster in the two cases: The ouster, there, being a disseisin, and in this case, I conceive an intrusion.
An intrusion is defined to be “ an entry of a stranger after a particular estate of freehold is determined, before him in remainder or reversion,” 3 Black. Com. 145.
I presume in this case, the appellant is considered as a stranger, although she claims (and entered) under the will of her husband.
But, in this species of ouster, as well as disseisin am* abatement, an actual entry is necessary on the part of the desseised.
That entry not having preceded (he conveyance in the present case, that conveyance is not valid according to the decision of Tabb v. Baird. The conveyance was of a. mere right of entry. During the life of the particular tenant, his possession was the possession of the reversioner; but, upon his death, and the intervention of the possession of a stranger, the case was altered.
I must, therefore, in this point, give judgment in this case, against the present appellee, although T think at present, that the merits of the title are in his favor.
1 am of opinion, that the judgment of the District Court ought to be reversed.
PER CUR.
Reverse the judgment. *

[* See Birthright, lessee of Hall, v Hall, 3 Munf. 536.]